UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Streamline Dirt Works, an Oklahoma | ) | |
| Company, and Davina Sorenson aka | ) | |
| Davina Stubblefield, an Individual, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:16-CV-01104 |
| | ) | |
| v. | ) | Removed from Oklahoma County |
| | ) | Case No. CJ-2014-3196 |
| Grain Dealers Mutual Insurance Company, | ) | |
| | ) | |
| Defendant | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Grain Dealers Mutual Insurance Company (GDMIC) hereby removes this action from the District Court of Oklahoma County, Oklahoma, where the case number is CJ-2014-3196.  Removal is permitted for the following reasons.

1. This action was originally filed on June 4, 2014 by Sunstate Equipment Co., L.L.C. (Sunstate) to recover an unpaid sum from defendant Davina Stubblefield aka Sorenson, individually & dba Streamline Dirt Works (Stubblefield), for the rental of two pieces of equipment which Streamline Dirt Works (Streamline), a corporation in which Stubblefield had some interest, had rented from Sunstate.  Stubblefield subsequently filed a counterclaim against Sunstate and a third party claim against GDMIC.  See Third Party Petition attached as Exhibit 26.[1]  GDMIC was served with the Third Party Petition and Summons by mail on November 12, 2015.  A copy is attached as Exhibit 33.

---

[1] The Third Party Petition is contained in a pleading entitled Defendant's Second Amended Answer, Counterclaim and Third Party Petition filed June 10, 2015.

2.  In the Third Party Petition Stubblefield asserts a claim for damages as a result of the failure of GDMIC to pay a claim made by Streamline under a property insurance policy issued by GDMIC in the name of Streamline Dirt Works for the policy period of September 6, 2013 to September 6, 2014.  The insurance claim was for the theft of one of the pieces of equipment which Streamline had rented from Sunstate.

3.  GDMIC denied the theft claim because the theft of the equipment reportedly occurred on or about January 13, 2014 during the term of the lease between Sunstate and Streamline but more than 30 days after Streamline had rented the equipment from Sunstate.  Under Section A of the CONTRACTOR'S EQUIPMENT COVERAGE – SPECIAL FORM, section **A.4 Coverage Extensions**, subparagraph **b. Borrowed Property** of the policy issued to Streamline, the coverage extended to certain property rented by the named insured ("you" in the policy) but this coverage applied only "for a maximum of 30 days beginning the date the property is borrowed or rented".  See Exh. 30 ¶5&6; Exh. 34 ¶5-7 (Orig. and Am. Ans. To Third Party Pet.).

4.  The claim in the original Third Party Petition and, as subsequently amended, seeks to recover for "the amount of the premiums paid along with damages of $500,000.00 plus punitive damages, costs and all other relief just and proper", for both the breach of the insurance contract and the bad faith breach of the insurance contract.  See Exh. 26 (Second Am. Counterclaim & Third Party Pet. at 4-5).

5.  A First Amended Petition was filed by Sunstate on February 19, 2016 which formally added Streamline as a defendant.  See Exh. 37 (First Am. Pet.).

6.  Stubblefield is a citizen of the State of Oklahoma.  Streamline is a corporation organized under the laws of the State of Oklahoma having its principal place of business in the State of Oklahoma.

7.  GDMIC is a corporation organized pursuant to the laws of the State of Indiana which has its principal place of business in the State of Indiana and which is licensed to transact the business of liability and property insurance in the State of Oklahoma.

8.  The third party claim was not removable when GDMIC was served with the original Third Party Petition.  The third party claim became removable when GDMIC received a copy of a Joint Mutual Dismissal Of Claims And Counterclaims (Joint Dismissal) filed by Sunstate, Streamline, and Stubblefield on August 16, 2016, wherein Sunstate dismissed its claim with prejudice and Streamline and Stubblefield dismissed their counterclaims with prejudice.  See Exh. 46 (Jt. Dism.).  The Joint Dismissal was not served upon counsel for GDMIC and in fact there is no certificate of service mae a part of the Joint Dismissal.  See Exh. B, Affidavit of Veronica McLane-DeLaRosa.  GDMIC only became aware of the filing of the Joint Dismissal when its counsel obtained a copy from the District Court of Oklahoma County, Oklahoma on August 23, 2016.  *Id.* Accordingly, this Notice is filed within the 30 day limit contained in 28 U.S.C. § 1446(3).

9.  Subsequent to the filing of the Joint Dismissal in the District Court of Oklahoma County, an Agreed Order Granting Joint Motion was filed on September 20, 2016 which, *inter alia*, realigned the remaining parties, Stubblefield and Streamline, as plaintiffs, and GDMIC as defendant.  See Exh. 48.  Therefore, this Notice identifies Sorenson and Streamline as plaintiffs and GDMIC as defendant.

s/Mort G. Welch
Mort G. Welch
OBA# 09462
Attorney for Defendant Grain Dealers
 Mutual Insurance Company
Welch & Smith, P.C.
6440 Avondale Drive, Suite 206
Oklahoma City, OK 73116
Telephone: (405) 286-0801
Fax:  (405) 286-0301
mwelch@welchsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Richard R. Rice
Rice Law Firm
1401 S. Douglas Blvd. Suite A
Midwest City, OK 73130
**Attorneys for Plaintiffs Davina Stubblefield aka Sorenson,**
**Individually and dba Streamline Dirt Works, and Streamline Dirt Works Corp.**


s/ Mort G. Welch
Mort G. Welch